The opinion of the Court was delivered by
Sedgwick, J.
In this case, at the former argument, it was suggested by the Court to the parties, that this action was misconceived ; that, if the plaintiffs had merits, their actions ought to have been brought severally; and that a joint action could not be supported. To obviate this difficulty, it is now agreed that judgment may be rendered in this action, as if William dap had been the only original plaintiff, and had declared for his proportion of the money in the hands of the defendant.
By the agreemént of the parties, all objections to the form of the action are waived ; and the question referred to the Court [*801 ] * is, whether Clap, who is now to be considered as the sole plaintiff, is entitled to recover his proportion of a balance in the defendant’s hands due to James Tisdale, deceased.
(The judge then recapitulated the facts, and proceeded.)
The first question which presents itself on this state of facts is, whether the money due from "the defendant to Tisdale, which was intended to be subject to his order, on its coming into the defendant’s hands, as it had done previous to the commencement of this action, ought to be paid according to the direction of Tisdale, and his own assent to that direction by the acceptance of the order.
The balance which should come into the hands of Brooks, as the agent and trustee of Tisdale, was Tisdale’s property, and he had a right to make any fair and honest disposition of it. That which he attempted was such. It was to satisfy bona fide creditors, as far as it would go, their honest debts. There could be nothing criminal or wrong in the defendant, in agreeing to pay, as he should receive it, the money of Tisdale to hjs creditors. The contract was understood by all the parties interested. It was perfectly fair; and, like every other contract of that character, ought to be carried into effect, if there be no positive rules of law to forbid it ; and none such aré believed to exist. The money which belonged to Tisdale, and which, by the nature of the transaction, was to pass *277 through the hands of the defendant, he had a right to appropriate to any honest purpose, such particularly as the payment of his debts; and it became the duty of Mr. Brooks, after he had undertaken to obey the orders of Tisdale, to perform his engagement. According to this engagement; — the acceptance of the order, — as money belonging to Tisdale, and by him intended to be controlled by it, came into his hands, it was money by him received to the use of Hatch and Clap.
It has been objected against the right of the plaintiffs to recover, that, at the time of the transaction, it was known to them that, Tisdale was in embarrassed circumstances; and it is an agreed fact that he was then insolvent. But there can be no pretence that, by the insolvency of Tisdale, or the knowledge of the plaintiffs tho' his circumstances were embarrassed, the transaction * was rendered fraudulent. As honest men, they might [ * 302 ] seek to obtain security, and as provident men, it was their duty to do it. And there can be no pretence that the consent of Tisdale to give them this security was fraudulent.
It is objected further that Clap, having, since the death of Tisdale, proved his whole debt under a commission of insolvency on his estate, cannot recover in this action. We are of opinion that this objection is not well founded. We do not undertake to say what effect a judgment in this case may have as to any demands which Hatch and Clap may have on the estate of Tisdale in the hands of his administrator; but no reason has been suggested, nor can we comprehend, how any demand which they have made of that kind can discharge the defendant from paying over to them the money which, from the nature of the transaction, he had received to their use.
In the last place, it is said that a court of law is incompetent, from its modes of procedure, to decide on a transaction of this kind In many instances I have perceived and lamented our want of a court of equity; but I do not perceive it in this case. It is said that Hatch and Clap cannot maintain a joint action. It is true. And it is further said that neither will have it in his power, in a several action, to ascertain conclusively what is the amount of the debt of the other, and, therefore, that their respective proportions cannot, in a trial at law, be ascertained. That difficulty is in this case obviated; for all the parties concerned, all who are interested in the subject of controversy, agree what the respective claims of Hatch and Clap are to the fund in the hands of the defendant.
As the aggregate of the debts of Hatch and Clap is to the money received by the defendant, so is the debt of Clap to what he has a right to «¡cover by his judgment.
*278 It is understood that Mr. Brooks has defended this action merely as an indifferent stakeholder for the respective claimants, Hatch and Clap on the one hand, and the administrator of Tisdale on the other; and it was right for him so to do, until the question was decided.
Judgment was entered for William Clap for the sum of 872 dollars 72^, cents damage, and for his costs. (a)

 Tucker vs. Welsh, 17 Mass. Rep. 160.